UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LLOYD D. WATKINS,

Petitioner,

v.

JAMES BRUTON, Warden,

Respondent.

Civil No. 01-1590 (RHK/JGL)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition be SUMMARILY DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On April 29, 1996, Petitioner was convicted in the state district court for Hennepin County, Minnesota, on a charge of second degree felony murder. He was sentenced to 360 months in state prison, and he is presently serving his sentence at the Minnesota Correctional Facility, Oak Park Heights, Minnesota. (Petition, [Docket No. 1], p. (2).)

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

SEP 04 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

After Petitioner was convicted, his attorney filed a direct appeal with the Minnesota Court of Appeals challenging the length of Petitioner's sentence. Petitioner also filed his own pro se brief on appeal, which raised several additional claims. In a decision dated July 15, 1997, the Court of Appeals rejected all of Petitioner's claims and affirmed his conviction and sentence. State v. Watkins, No. CX-96-1591 (Minn.App. 1997), 1997 WL 396215 (unpublished opinion). On August 26, 1997, the Minnesota Supreme Court denied Petitioner's application for further review. Id.

Based on the information provided in his present habeas corpus petition, it appears that Petitioner did not initiate any further court proceedings challenging his conviction and/or sentence until August 30, 2001, when the present petition was filed. (Petition, p. (4), § 10.) This petition lists six grounds for relief: (1) Petitioner's sentence should be reduced to the presumptive term of 180 months; (2) the trial court's denial of Petitioner's "motion to suppress incriminating statement" was an abuse of discretion; (3) Petitioner received ineffective assistance of counsel; (4) the trial court's denial of Petitioner's motion to suppress evidence obtained via search warrant was an abuse of discretion; (5) Petitioner was denied due process as a result of adverse pretrial publicity; and (6) the trial court's denial of Petitioner's motion for change of venue was an abuse of discretion. (Petition, pp. (5)-(6), § 12, [and attachment].) The merits of these claims will not be addressed, however, because the instant petition was not filed within the time limit prescribed by 28 U.S.C. § 2244(d). Instead, it will be recommended that the petition be summarily dismissed with prejudice.

**II. DISCUSSION**

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any

suggestion that Petitioner's claims are based on any newly-recognized constitutional right or any new evidence that could not have been discovered earlier.[2] Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction was finally upheld on direct appeal when the Minnesota Supreme Court denied his request for further review on August 26, 1997. For purposes of 28 U.S.C. § 2244(d)(1)(A), however, the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the U.S. Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup.Ct.R. 13.1. Thus, the statute of limitations began to run in this case on November 24, 1997 -- 90 days after the Minnesota Supreme Court upheld Petitioner's conviction on direct appeal.

Petitioner did not file his present petition, however, until August 30, 2001, which was almost four years after the statute of limitations began to run in this case, and almost three years after the limitation period expired. Thus, the Court concludes that the instant petition is clearly time-barred and cannot be entertained at this late date.

---

[2] The Court further notes that, according to the petition, Petitioner never filed any state court petition seeking post-conviction relief. (Petition, pp. (3)-(4), §§ 10 and 11.) Therefore, the tolling provisions of 28 U.S.C. 2244(d)(2) have no bearing on this case.

Because it plainly appears on the face of the petition that Petitioner is not entitled to federal habeas corpus relief, his petition should be summarily dismissed pursuant to Rule 4. Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is recommended that the petition be dismissed with prejudice.

Because the habeas corpus petition must be dismissed, Petitioner's application for leave to proceed in forma pauperis, (IFP), (Docket No. 4), should be denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained). It is also recommended that Petitioner's "Motion For The Appointment Of Counsel," (Docket No. 5), be denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that**:

1. Petitioner's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 4), be **DENIED**;

2. Petitioner's "Motion For The Appointment Of Counsel," (Docket No. 5), be **DENIED**; and

3. Petitioner's application for writ of habeas corpus, (Docket No. 1), be **DISMISSED WITH PREJUDICE.**

Dated: September 4, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by 9/17/01, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500